IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER WHITE, <br><br> Defendant. | NO. 4:20-cv-00112-FL |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff North American Company for Life and Health Insurance ("North American"), by and through undersigned counsel, submits this Memorandum in Support of its Motion for Default Judgment against Defendant Christopher White, Dkt. 10, for the failure to plead or otherwise defend this action.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party entitled to a judgment by default may apply to the court therefor. Defendant has failed to plead or otherwise present any defense to the allegations contained in the Complaint within the time provided by law, and North American is entitled to a judgment of rescission. Therefore, as explained herein, Default Judgment is appropriate.

**NATURE OF THE CASE AND STATEMENT OF RELEVANT FACTS**

North American filed this case to rescind a life insurance policy. The applicant, Defendant Christopher White, materially misrepresented facts when completing and submitting his insurance application.

On August 9, 2019, Defendant Christopher White ("White") submitted an application for $400,000 of life insurance coverage from North American. (Declaration of Taryn Maurer

("Maurer Dec."), Dkt. 9, ¶ 2.) On the same day, relying upon the truthfulness and accuracy of White's responses to the application questions, North American issued White a life insurance policy with a premium based on an Essential (Non-Tobacco) rating (the "'156 Policy"). (*Id.* ¶ 3.)

North American subsequently obtained records revealing material misrepresentations made by White to induce North American to issue the insurance coverage. (*Id.* ¶ 4.) While White had represented that he had not used any tobacco or nicotine products in the past 12 months, White reported to his nurse practitioner on September 30, 2019 that he had been "vaping" – or using electronic cigarettes. (*Id.* ¶ 5.)

Further, while White represented that he had not been diagnosed with or medically treated for depression or any other mental disorder in the past ten years, records collected by North American reflect that during the same September 30, 2019 visit he disclosed that he was being treated for a history of attention-deficit/hyperactivity disorder (ADHD). (*Id.* ¶ 6.)

If White had answered truthfully and accurately to the tobacco use question, North American would not have issued a policy with any more favorable rating than its "Select Tobacco" class, which would have resulted in increased premium payments. (*Id.* ¶ 7.)

If White had answered truthfully and accurately to the question directed to ADHD, White would have been prompted to answer additional questions during the online application process. Depending on White's responses to those follow-up questions, North American may have denied coverage entirely. (*Id.* ¶ 8.)

White is not an infant and, upon information and belief, is not an incompetent or in military service. (*Id.* ¶ 10.)

Plaintiff commenced this action by the filing of its Complaint on June 17, 2020, seeking a declaration that the '156 Policy is void *ab initio* because of White's material misrepresentations in

the insurance application. *See* Dkt. 1. A Civil Summons was issued to White on June 18, 2020. *See* Dkt. 4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1).

White was served with a copy of the Summons and Complaint on June 19, 2020. *See* Dkt. 4. North American contemporaneously tendered to White a check in the amount of $89.65 representing the total amount of premiums paid on the '156 Policy plus interest. (Maurer Dec. ¶ 9.) White then deposited the check. (*Id.*)

Pursuant to rule 12(a)(1)(A)(i), the time for White to answer or otherwise plead in response to the Complaint expired on July 10, 2020. Defendant failed to respond to the Complaint, and the Clerk of Court entered default against Defendant on September 17, 2020. *See* Dkt. 7.

## ARGUMENT

"After entry of default, and upon application by the non-defaulting party, the court may enter a default judgment." *Bayview Loan Servicing, LLC v. Locklear*, No. 7:15-CV-220-D, 2017 WL 3080750, at *7 (E.D.N.C. July 18, 2017). Accordingly, North American requests that default judgment be entered against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Under North Carolina law, an insurer is not bound by an insurance policy if the insured made material misrepresentations in the application for that policy. *Evanston Ins. Co. v. G & T Fabricators, Inc.*, 740 F. Supp. 2d 731, 736 (E.D.N.C. 2010) (*citing* 7 N.C. Gen.Stat. § 58–3–10; *N. Nat'l Life Ins. Co. v. Lacy J. Miller Mach. Co., Inc.*, 311 N.C. 62, 70–71, 316 S.E.2d 256, 262 (1984).) "[A] representation in an application for an insurance policy is deemed material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract...." *Goodwin v. Invests. Life Ins. Co. of N. Am.*, 332 N.C. 326, 419 S.E.2d 766, 769 (1992) (quotation omitted). "[I]n an application for a life insurance policy, written questions and

3

Case 4:20-cv-00112-FL    Document 11    Filed 10/28/20    Page 3 of 6

answers relating to health are deemed material as a matter of law." *Ward v. Durham Life Ins. Co.*, 325 N.C. 202, 381 S.E.2d 698, 702 (1989). Further, a material misrepresentation "will avoid the policy even though the assured be innocent of fraud or an intention to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally." *Tharrington v. Sturdivant Life Ins. Co.*, 115 N.C.App. 123, 443 S.E.2d 797, 801 (1994) (quotation omitted).

The false information White provided to North American concerning his nicotine and tobacco use was material to North American's decision to issue the '156 Policy. If White had responded accurately and truthfully to the application question and had disclosed his nicotine and tobacco use, his policy would have been issued (if at all) with no better than a tobacco rating, which would have increased his premium payments. (*Id.* ¶ 7.)

Accordingly, North American is entitled to rescind the '156 Policy and is entitled to a judicial declaration that the '156 Policy is rescinded and void *ab initio* with no rights or benefits payable to any person. *See, e.g., G & T Fabricators*, 740 F. Supp. 2d at 738 (finding insurer entitled to rescission because of material misrepresentations).

## CONCLUSION

For the foregoing reasons, North American requests that the Court enter Default Judgment against Defendant Christopher White declaring that the '156 Policy is rescinded and thus *void ab initio* due to White's material misrepresentation in the application, declaringthat no rights or benefits are payable to any person relating to the '156 Policy, and granting such other and further relief as the Court may deem just and proper.

This the 28th day of October, 2020.

                **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                By: */s/ Leslie Lane Mize*
                Leslie Lane Mize
                N.C. State Bar No. 32790
                leslie.mize@nelsonmullins.com
                4140 Parklake Avenue, Suite 200
                Raleigh, North Carolina 27612
                Phone:  (919) 877-3800
                Fax:  (919) 877-3799
                *Local 83.1 Counsel*

                OF COUNSEL:

                GODFREY & KAHN, S.C.
                Daniel C.W. Narvey
                (application for special appearance forthcoming)
                Andrew S. Oettinger
                (application for special appearance forthcoming)
                833 East Michigan Street, Suite 1800
                Milwaukee, WI 53202-5615
                Telephone:  (414) 273-3500
                Facsimile:  (414) 273-5198
                Email:  dnarvey@gklaw.com
                          aoettinger@gklaw.com

                *Attorneys for Plaintiff North American Company for Life and Health Insurance*

CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that on October 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy of the foregoing was served upon Defendant Christopher White by first class U.S. Mail, in a postage prepaid envelope addressed as follows:

      Christopher White
      2505 Old Snow Hill Road
      Kinston, NC  28501

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Leslie Lane Mize*
Leslie Lane Mize
N.C. State Bar No. 32790
leslie.mize@nelsonmullins.com
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Phone:  (919) 877-3800
Fax:  (919) 877-3799
*Local 83.1 Counsel for Plaintiff North American Company for Life and Health Insurance*